

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0703-20

**JESSIE LEE BROOKS JR., Appellant**

**v.**

**THE STATE OF TEXAS**

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE THIRD COURT OF APPEALS
## MILAM COUNTY

## <u>ORDER</u>

*Per Curiam.*

Appellant was charged with aggravated assault. The indictment alleged the underlying assault as assault by threat, with the threat being verbal. In a written statement, the victim said:

> He grabbed my neck, started choking me so hard I couldn't breathe, and then he grabbed a board and started hitting me so hard I told Jessie he was hurting me. So he told me I need to hit -- I believe -- so he kept hitting me with the board. Then after started hitting my fingers until they started bleeding.

The court of appeals acknowledged the victim's statement that Appellant told her "I need to hit," but

the court held that no rational juror could discern a threat in that statement.[1]  The court of appeals further held that the nonverbal use of a deadly weapon varied from the allegations in the indictment.[2]  The State contends that the nonverbal use of a deadly weapon sufficiently conforms to the indictment.  On our own motion, we grant review of the following issue: "Does the statement 'I need to hit,' that the victim said that Appellant told her, constitute a verbal threat?"

The State's brief on this issue is due within 30 days of the date of this order.  Appellant's brief on this issue is due within 30 days of the date the State's brief is filed.

Filed: June 9, 2021

Do not publish

---

[1]  *Brooks v. State*, 604 S.W.3d 239, 248 (Tex. App.—Austin 2020) ("The only evidence suggestive of a verbal threat in this case was Grayson's written statement for the police. In it, she wrote that, during the assault, Brooks 'told me I need to [h]it.' She never described any other statement that Brooks allegedly made, and the State offered no evidence of any other alleged verbal threat. We conclude that no rational juror could discern a threat in the statement here, 'he told me I need to [h]it.'") (brackets in the court of appeals opinion).

[2]  *Id.* at 247-48.